IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

CENTENNIAL SCHOOL          :    CIVIL ACTION
DISTRICT,                  :    NO. 08-982
                           :
        Plaintiff,         :
                           :
        v.                 :
                           :
                           :
PHIL L. and LORI L.        :
ex. rel. MATTHEW L.,       :
                           :
        Defendants.        :

M E M O R A N D U M

EDUARDO C. ROBRENO, J.                        AUGUST 8, 2008

I.    BACKGROUND

        This action arises as a cross-appeal from an
administrative determination under the Rehabilitation Act.  The
parties are Centennial School District and Matthew L. by and
through his parents Phil L. and Lori L.  Matthew was a student in
the Centennial School District, and was evaluated but not deemed
eligible for special education under Section 504(a) of the
Rehabilitation Act, 29 U.S.C. § 794(a).  Matthew is, however, on
psychopharmacological treatment for Attention Deficit
Hyperactivity Disorder ("ADHD").  In the Spring of 2007, Matthew
scrawled a bomb threat on a school bathroom wall, and was
subsequently expelled.  Matthew's parents sought an evaluation to
determine his eligibility for special education, and if he was
eligible, tuition reimbursement for his placement in the Wyncote
Academy, a private school.

On January 11, 2008, the hearing officer found that Matthew was eligible for special education under Section 504(a), but denied the request for tuition reimbursement and compensatory education.  The School District challenges the eligibility determination, and the parents challenge the denial of relief. The parents also argue that the School District violated the Rehabilitation Act by failing to provide a hearing to determine whether the bomb threat was a manifestation of a disability, pursuant to Section 504(a) and 34 C.F.R. § 104.36--a claim which was raised before the hearing officer but not decided.

On June 17, 2008, the Court granted the Plaintiff School District's motion to dismiss in part Matthew's parents' counterclaim, holding the parents had failed to exhaust administrative remedies as to a portion of the counterclaim.  See Centennial Sch. Dist. v. Phil L. ex rel. Matthew L., No. 08-982, --- F. Supp. 2d ---, 2008 WL 2440687 (E.D. Pa. June 17, 2008). The parents now move for partial reconsideration of the Court's June 17, 2008 order (doc. no. 23).

In addition, the Court sought supplemental briefing from the parties as to whether the entire action must be dismissed for lack of subject matter jurisdiction.  The parties have submitted supplemental briefing (doc. nos. 23, 26), and the issue is now ready for disposition.  For the reasons that follow, the motion for reconsideration will be denied, and Matthew's

parents' counterclaim will be dismissed in part for lack of subject matter jurisdiction.


II.  MOTION FOR RECONSIDERATION

        Matthew's parents seek reconsideration of the Court's June 17, 2008 order to the extent that it requires them to exhaust administrative remedies as to their claim seeking a declaration that Matthew was entitled to a process similar to a manifestation determination prior to his expulsion.  A motion for reconsideration, however, may be granted only under certain circumstances:

> The purpose of a motion for reconsideration, we have held, is to correct manifest errors of law or fact or to present newly discovered evidence.  Accordingly, a judgment may be altered or amended if the party seeking reconsideration shows at least one of the following grounds: (1) an intervening change in the controlling law; (2) the availability of new evidence that was not available when the court granted the motion for summary judgment; or (3) the need to correct a clear error of law or fact or to prevent manifest injustice.

Max's Seafood Café ex rel. Lou-Ann, Inc. v. Quinteros, 176 F.3d 669, 677 (3d Cir. 1999) (internal citations and quotations omitted).  "[A] motion for reconsideration addresses only factual and legal matters that the Court may have overlooked.  It is improper on a motion for reconsideration to ask the Court to rethink what it had already thought through--rightly or wrongly." Glendon Energy Co. v. Borough of Glendon, 836 F. Supp. 1109, 1122 (E.D. Pa. 1993) (quotation omitted).

-3-

Here, the parents argue that exhaustion should be excused because it will be futile.  The Court expressly decided this issue in the June 17, 2008 memorandum and order.  See Centennial, 2008 WL 2440687, at *11 ("Thus, exhaustion is not futile in this case because the hearing officer must develop the record concerning the process offered to Matthew and then decide whether the School District met its due process obligations under the Rehabilitation Act.").[1]  Therefore, the motion for reconsideration will be denied.

III. SUBJECT MATTER JURISDICTION

On June 17, 2008, the Court held that "Matthew's parents failed to exhaust administrative remedies as to the portion of the counterclaim seeking an order declaring that Matthew's due process rights under the Rehabilitation Act were violated by the School District's failure to provide a Section

---

[1]     Even if the Court were to consider Matthew's parents' arguments, they are without merit.  Matthew's parents argue that courts have excused exhaustion where the parties presented an issue to the hearing officer but the issue was not ruled upon. The cases they cite do not stand for the proposition asserted; rather, they state that where a party is completely denied a due process hearing, exhaustion would be futile.  See Hornstine v. Tp. of Moorestown, 263 F. Supp. 2d 887, 902 (D.N.J. 2003) (stating in dicta that exhaustion would be futile because department of education letter to plaintiff indicated that it would refuse to provide due process hearing); Kerr Ctr. Parents Ass'n v. Charles, 897 F.2d 1463, 1470 (9th Cir. 1990) (holding that exhaustion would be futile where school district refused to provide due process hearing).  Here, there is no indication that Matthew's parents have been or will be refused a hearing.

-4-

504 hearing 'similar' to a manifestation determination," and granted the School District's motion to dismiss the counterclaim in part.  Centennial, 2008 WL 2440687, at *12.  The Court further noted that the failure to exhaust administrative remedies as to a portion of the counterclaim may require dismissal of the entire counterclaim for lack of subject matter jurisdiction.  To clarify this matter, the Court solicited supplemental briefing from the parties.

    A.   Exhaustion

        The exhaustion requirements of the IDEA provide, in pertinent part, as follows:

> Nothing in this title shall be construed to restrict or limit the rights, procedures, and remedies available under . . . the Rehabilitation Act of 1973 . . . or other Federal laws protecting the rights of children with disabilities, except that before the filing of a civil action under such laws seeking relief that is also available under this part, the procedures under subsections (f) and (g) shall be exhausted to the same extent as would be required had the action been brought under this part.

20 U.S.C. § 1415(l) (emphases added).

        It is well-established that the IDEA's exhaustion procedures apply to claims under the Rehabilitation Act and other federal laws if those claims seek relief that is "available" under the IDEA.  See Centennial, 2008 WL 2440687, at *8.  Moreover, the Third Circuit has stated that "[e]xhaustion under the IDEA 'is jurisdictional in nature.'"  Id. (quoting W.B. v.

-5-

Matula, 67 F.3d 484, 493 (3d Cir. 1995)).  The issue presented here is whether, in light of the language of the statute, a failure to exhaust administrative remedies as to part of the counterclaim divests the court of subject matter jurisdiction over the entire counterclaim.

    1.   Hesling

In Hesling v. Avon Grove School District, 428 F. Supp. 2d 262 (E.D. Pa. 2006), the plaintiff brought claims under the IDEA and Rehabilitation Act, inter alia, based on the defendant's alleged retaliation against her for her advocacy on behalf of her children.  Examining the IDEA claim (Count 1), Judge Pollak found that the plaintiff "never sought administrative remedies for her retaliation claim," and thus that exhaustion as to that claim was required.  Id. at 274.  However, the relief sought in Count 1 included both relief that was "available" under the IDEA (thus requiring exhaustion) and relief that was not "available" under the IDEA.  Thus, the question before the court was, given the diverse forms of relief, whether to dismiss only the portion of the claim seeking relief that was available under the IDEA, or to dismiss the entire claim.

In analyzing this issue, the court adopted the reasoning in Falzett v. Pocono Mountain School District, 150 F. Supp. 2d 699, 704 (M.D. Pa. 2001):

-6-

"The court recognizes that <u>W.B.</u> could be understood to require [that] . . . the exhaustion requirement should be excused as to unavailable remedies but not as to available ones.  However, reading <u>W.B.</u> to espouse a remedy-by-remedy exhaustion analysis would be inconsistent with the exhaustion doctrine's purpose of ensuring that judicial decisions are rendered in light of administrative factfinding, an explicit concern of the <u>W.B.</u> court, as it would permit IDEA plaintiffs to bring their damages claims to federal court prior to administrative consideration of their other claims.  It would also clash with the doctrine's purpose of avoiding the judicial inefficiency involved in resolving disputes in piecemeal fashion.

Moreover, the plain language of § 1415(l) states that exhaustion of IDEA administrative 'procedures' is required 'before the filing of a civil action.'  20 U.S.C. § 1415(l).  Notably, the statute does not say that each remedy sought must be exhausted before that remedy is pursued in court, but that <u>IDEA administrative procedures must be exhausted before a civil action is filed to vindicate the educational rights of a handicapped child</u>.  This language precludes any interpretation of <u>W.B.</u> and § 1415(l) under which exhaustion is judged with respect to each individual remedy sought by the plaintiff, and <u>implies that the entire action must be dismissed for lack of subject matter jurisdiction whenever any part of the dispute might be resolved at the administrative level</u>."

<u>Hesling</u>, 428 F. Supp. 2d at 275-76 (emphases added) (quoting

<u>Falzett</u>, 150 F. Supp. 2d at 705-06).  The Court thus dismissed

the IDEA count (Count 1) of the complaint.  <u>See id.</u> at 276.

The language adopted from <u>Falzett</u> is broad: it suggests

that once a failure to exhaust is found, not only a claim or a

portion thereof, but the "entire action" must be dismissed

because a "civil action" cannot be "filed" until exhaustion has

been completed.  However, the import of this language is not as

-7-

sweeping as it might first seem; to realize this, one need only look at what happened in Hesling.  If the Court truly meant that the "entire" "civil action" must be dismissed once a failure to exhaust is found, the entire action would have been dismissed for lack of subject matter jurisdiction.  This is not what happened.

For example, the Court dismissed the plaintiff's constitutional claim (Count 2) on grounds totally unrelated to exhaustion.  See id. at 273 ("Given the absence of evidence of deliberate indifference on the part of Dr. Seidenberger, Ms. Hesling has failed to state a claim against him, pursuant to 42 U.S.C. § 1983, for violations of her rights under the First and Fourteenth Amendments.  Therefore, the second count of her complaint will be dismissed.").  Moreover, even when dismissing the plaintiff's Rehabilitation Act and ADA claims (Counts 3 and 4) for failure to exhaust, the Court conducted an independent exhaustion analysis.  See id. at 277 ("[O]nce again, the exhaustion requirement remains unsatisfied, since retaliation claims were never raised at IDEA due process hearings.").

In sum, the court had to decide, in Hesling, when a party has failed to exhaust a claim under the IDEA, whether to dismiss for lack of subject matter jurisdiction the portion of the claim seeking a remedy "available" under the IDEA, or the entire claim.  Despite the seemingly sweeping language used by the Court, dismissal of the "entire action" was not even

-8-

considered as a possible disposition.  Rather, the Court held
that when a claim seeking relief--some of which is "available"
under the IDEA and some of which is not--is brought without
exhausting administrative remedies, the entire claim must be
dismissed for lack of subject matter jurisdiction.

           2.  <u>Blunt</u>

      In <u>Blunt v. Lower Merion School District</u>, No. 07-3100,
2008 WL 442109 (E.D. Pa. Feb. 15, 2008), the Court followed the
approach in <u>Hesling</u>.  In <u>Blunt</u>, the complaint included claims
under the IDEA and Rehabilitation Act, as well as a claim under
Title VI of the Civil Rights Act.  <u>See</u> <u>id.</u> at *1.  Before the
court was a motion to dismiss for failure to exhaust
administrative remedies.  In his explanation of the law, Chief
Judge Bartle quoted the analysis in <u>Hesling</u> and <u>Falzett</u>,
including the "entire action" language.  <u>Id.</u> at *7.  The court
then found that remedies had not been exhausted as to the IDEA
claim, as well as the Rehabilitation Act and ADA claims, and held
that those claims should be dismissed for lack of subject matter
jurisdiction.  <u>Id.</u> at *8.

      Again, despite quoting the seemingly sweeping language
from <u>Hesling</u> and <u>Falzett</u>, the Court did not dismiss the entire
action.  Rather, the Court separately considered each claim.  For
example, the motion to dismiss the Title VI claim was <u>denied</u>,

-9-

noting that "the exhaustion requirement under § 1415(l) of the IDEA . . . does not bar plaintiffs' claims under Title VI." Id. at *8.  Thus, as in Hesling, dismissal of the "entire action" was not required when certain claims in Blunt were brought before exhaustion had occurred.  Rather, dismissal of only the unexhausted claims is required.

Generalizing from Hesling and Blunt, it appears that the Falzett holding is not as broad as it seems.  The Falzett court use the terms "a civil action" and "the entire action"; what it meant by these terms, however, appears to be a "cause of action" or a "claim."  Therefore, Hesling and Blunt stand for the proposition that if a party has failed to exhaust administrative remedies as to a particular claim, the entire claim must be dismissed for lack of subject matter jurisdiction, even if a portion of the claim seeks relief not available under the IDEA.  The cases do not stand for the proposition that a failure to exhaust under the IDEA as to a particular claim requires dismissal of the entire action.

B.   The Instant Case

The application of Hesling, Falzett, and Blunt in this case is not straightforward.  This is because Matthew's parents' counterclaim is inartfully drafted; it does not enumerate separate counts, each with its own request for relief.  Rather,

it states three "causes of action" and follows them with a single "wherefore" clause, seeking nine forms of relief.  Nonetheless, close examination of the complaint reveals which requests for relief correspond to which claim.

The claims are as follows:

20. [An appeal of] [t]he hearing officer's ruling that neither compensatory education nor tuition reimbursement are available remedies for violations of a student's rights under § 504 of the Rehabilitation Act.

21. The District's failure to identify Matthew as a child with a disability and to provide him with reasonable accommodations violated Matthew's rights under § 504 of the Rehabilitation Act.

22. The District's expulsion of Matthew was accomplished in violation of his procedural rights under the Rehabilitation Act and of his right to due process of law under the 5th and 14th Amendments to the U.S. Constitution.

Ans. & Countercl. 5 (doc. no. 3).

The claim that was the subject of the Court's June 17, 2008 order was the Rehabilitation Act claim contained in paragraph 22 of the counterclaim.  The requests for relief corresponding to that claim appear to be the following:

E. Declare that the Plaintiff, Centennial School District, violated Matthew's right to due process as provided by § 504 of the Rehabilitation Act and its implementing regulation at 34 C.F.R. § 104.36, by permanently expelling him from his school without convening a manifestation hearing, as set forth in the IDEA, 20 U.S.C. § 1415(k)(E) and 34 C.F.R. § 350(c), (e) or a similar process as allowed by law, to determine whether the behavior that was the basis for the expulsion charge was a manifestation of his disability;

> F.    Award compensatory damages to the Defendant-
>       counter-Plaintiff Matthew L., for the violation of
>       his substantive and procedural rights under § 504
>       of the Rehabilitation Act.
>
> G.    Enjoin the Plaintiff, Centennial School District,
>       to rescind the decision of its School Board to
>       expel Matthew from the District;

Id. at 6.  The request for relief that was the subject of the June 17, 2008 order is the first request quoted above (¶ E).

The Court's June 17 memorandum held that "Matthew's parents failed to exhaust administrative remedies as to the portion of the counterclaim seeking that Matthew's due process rights under the Rehabilitation Act were violated by the School District's failure to provide a Section 504 hearing 'similar' to a manifestation determination." Centennial, 2008 WL 2440687, at *11.  The Court thus granted the Rule 12(b)(6) motion to dismiss "as to the portion of the counterclaim seeking an order declaring that Matthew's due process rights under the Rehabilitation Act were violated by the School District's failure to afford him a Section 504 hearing 'similar' to a manifestation determination." Id. at *13.  The issue now is whether the counterclaim, or a portion thereof, must be dismissed for lack of jurisdiction.

First, under Hesling and Blunt, the Court need not dismiss the entire action, i.e., the entire counterclaim, for lack of subject matter jurisdiction.  As discussed above, despite their seemingly sweeping language, these cases do not stand for so broad a proposition.

-12-

Second, the Court must dismiss the Rehabilitation Act claim contained in paragraph 22 of the counterclaim <u>without prejudice</u> and <u>in its entirety</u> for lack of subject matter jurisdiction.  The result of the Court's last order was to dismiss that claim <u>with prejudice</u> and <u>only to the extent</u> that it related to the request for declaratory relief in paragraph E. Thus, the Court's June 17, 2008 order will be amended to dismiss for lack of subject matter jurisdiction the Rehabilitation Act claim contained in paragraph 22 of the counterclaim in its entirety, i.e., as it relates the to all requests for relief. The remainder of the case will be stayed pending exhaustion.

IV.  CONCLUSION

Defendants' motion for partial reconsideration will be denied.  The Court's order of June 17, 2008 will be amended to dismiss without prejudice for lack of subject matter jurisdiction the Rehabilitation Act claim contained in paragraph 22 of Defendants' counterclaim.  The remainder of the case will be stayed pending exhaustion.  An appropriate order follows.

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

```
CENTENNIAL SCHOOL          :    CIVIL ACTION
DISTRICT,                  :    NO. 08-982
                           :
      Plaintiff,           :
                           :
      v.                   :
                           :
PHIL L. and LORI L.        :
ex. rel. MATTHEW L.,       :
                           :
      Defendants.          :
```

## O R D E R

**AND NOW**, this **8th** day of **August, 2008,** for the reasons stated in the accompanying Memorandum, it is hereby **ORDERED** that Defendants' motion for partial reconsideration (doc. no. 23) is **DENIED.**

**IT IS FURTHER ORDERED** that the Court's order of June 17, 2008 (doc. no. 20) is **AMENDED** to the following extent: the Rehabilitation Act claim contained in paragraph 22 of Defendants' counterclaim is **DISMISSED without prejudice** for lack of subject matter jurisdiction.

**IT IS FURTHER ORDERED** that the case is placed in **SUSPENSE** until further order of the Court.

**AND IT IS SO ORDERED.**

                         S/Eduardo C. Robreno
                    **EDUARDO C. ROBRENO, J.**